# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY ALEXANDER SMITH,<br><br>Defendant. | Criminal No. 1:21-cr-00290-RBW<br><br><br><br>Date: March 15, 2022<br>Time: 1:30 P.M.<br>Judge: Hon. Reggie B. Walton |

## SENTENCING MEMORANDUM

The defendant, Jeffrey Alexander Smith ("Defendant"), by and through his counsel, John J. Rice, hereby submits this brief regarding the statutory prohibition for a "split" sentence in a misdemeanor sentencing.

### I. INTRODUCTION

On February 22, 2022, the Defendant appeared for sentencing after his guilty plea to a single misdemeanor count of Parading, Demonstrating or Picketing in a Capital Building, in violation of 40 U.S.C. § 5104(e)(2)(G). At that time, the Court stated its intention to sentence Defendant to 90 days incarceration, two years' probation, 200 hours of community service, and a restitution payment of $500.00. At the hearing, the Probation Department advised the Court that a "split" sentence was not permissible under the statute. Defendant also opposed the imposition of a "split" sentence on the ground that it was not authorized for a misdemeanor conviction. The Court delayed the imposition of sentencing and asked the parties to submit briefing on this issue.

/ / /

/ / /

/ / /

10827342.1

## II.    ARGUMENT

The sole issue before the Court is whether 18 U.S.C. § 3561(a)(3) authorizes a "split" sentence that includes both a period of incarceration as well as a subsequent period of probation for a misdemeanor offense. Section 3561(a)(3) provides, in relevant part, that: "(a) … [a] defendant who has been found guilty of an offense may be sentenced to a term of probation unless … (3) the defendant is sentenced at the same time to a term of imprisonment for the same or a different offense that is not a petty offense."  18 U.S.C. § 3561(a)(3).

This exact issue was recently addressed by Judge Kollar-Kotelly in a case involving the January 6th Capitol Building riot. United States of America v. Spencer, Case No.: 1:21-cr-00147-CKK, Doc. 70, attached hereto as **Exhibit A**. After noting that there is relatively little case law on point, Judge Kollar-Kotelly held unambiguously that a "split" sentence was prohibited by the applicable statutes.

Judge Kollar-Kotelly explained that the "general rule" of Section 3561(a)(3) prevents a "split" sentence for a misdemeanor conviction. Id. at p. 3. By its plain terms, "imposition of both probation and straight imprisonment in the same sentencing hearing is not generally permitted for a petty offense." United States v. Forbes, 172 F.3d 675, 676 (9th Cir. 1999); United States v. Harris, 611 Fed.App'x 480, 481 (9th Cir. 2015).

Relatedly, section 3551 states: "(b) … [a]n individual found guilty of an offense shall be sentenced, in accordance with the provisions of section 3553, to … (1) a term of probation … ; (2) a fine … ; **or** (3) a term of imprisonment … ."  18 U.S.C. § 3551(b) (emphasis added). The plain language of section 3551(b) compels that a defendant "shall be sentenced" to a probationary term "or" a term of imprisonment. Id.; Forbes; Harris.

/ / /

/ / /

10827342.1

Defendant is unaware of any binding authority to the contrary.[1]  Thus, a plain reading of the applicable statutory language compels the Court to elect either probation or incarceration for purposes of sentencing Defendant.  Rather than sentencing the Defendant to 90 days' incarceration, the Court may instead sentence the defendant to a period of home confinement couple with two years' probation. If the Court decides on a period of incarceration, it may not be followed by a period of probation.

### III.  CONCLUSION

For the foregoing reasons, Defendant respectfully submits that the Court may not impose a "split" sentence of incarceration followed by probation for Defendant's misdemeanor conviction.

DATED:  March 1, 2022                     **HIGGS, FLETCHER & MACK LLP**

By: _____
JOHN J. RICE, ESQ.
Attorneys for Defendant
JEFFERY ALEXANDER SMITH

---

[1] In the *Spencer* case, the Government cited an unpublished Fourth Circuit case, *United States v. Posley,* 351 Fed. App'x 807, 808-809 (4th Cir. 2009) (*per curiam*) (unpublished), which allowed a "split" sentence in a misdemeanor case. However, Judge Kollar-Ketelley correctly found that this case is not binding in this district, has never been cited, and is unpersuasive since it failed to consider Section 3551 in its analysis.  If the Government attempts to rely on *Posley* in this matter, it should be ignored for the reasons noted by Judge Kollar-Ketelley in *Spencer*.

10827342.1

## **CERTIFICATE OF SERVICE**

Counsel for Defendant certifies that the foregoing pleading is true and accurate to the best of his information and belief, and that a copy of the foregoing document has been served this day upon:

- **George Peter Eliopoulos**   george.p.eliopoulos@usdoj.gov, usadc.narcotics@usdoj.gov, usadc.ecfvcnt@usdoj.gov, Kim.E.Hall@usdoj.gov, USADC.CriminalDocket@usdoj.gov, CaseView.ECF@usdoj.gov, katie.thomas@usdoj.gov
- **John Joseph Rice**   ricej@higgslaw.com, begaym@higgslaw.com
- **John Patrick Pierce**   JPierce@Themis.US.com

DATED: March 1, 2022

**HIGGS, FLETCHER & MACK LLP**

By: _/s/ John J. Rice_
JOHN J. RICE, ESQ.
Attorneys for Defendant
JEFFERY ALEXANDER SMITH

-4-

10827342.1